HEARD NOVEMBER TERM, 1879.

CASE No. 787.*

R. H. GLENN, SHERIFF, v. E. M. SHANNON.

1. A finding of fact by a Circuit judge in an equity cause tried before him is conclusive, unless without evidence to sustain it, or manifestly against the overbearing weight of the evidence.
2. Money paid under a mistake of fact to a person who has no claim in conscience to it, may be recovered by the party paying it.
3. Errors and irregularities in proceedings in a trial-justice's court, may be objected to only by the party to the cause who was affected by them.

Before PRESSLEY, J., Chester, March, 1879.

This was an action by R. H. Glenn, sheriff of Chester county, to recover from the defendant a sum of money paid to him under a mistake of fact. Both plaintiff and defendant considered it a

---

* Case No. 786 will appear in the next succeeding volume.—REPORTER.

case in chancery because that mistake was the ground upon which relief was demanded.

The goods of one Barber were attached by a constable under two trial-justice's warrants of attachment on December 17th, 1874. The plaintiff, as sheriff, levied an attachment on the next day upon the same goods, under a warrant of attachment from the Court of Common Pleas in favor of Shannon. Under an order from the Circuit judge the property was sold, and the sheriff, after paying expenses, paid the balance to Shannon. In this action he sought to recover from Shannon so much of the money, so paid to him, as the two trial-justice's attachments called for.

The affidavits made before the trial-justice, and the complaints or warrants issued by him, alleged that Barber was absent from the state, or so concealed himself that the due process of law could not be served upon him. There was no service upon Barber. Judgments were entered against him but no executions were proved to have been issued. It was ruled on Circuit in this case that Barber was made a party in the trial-justice's court by the attachment of his goods, and that he only could object to errors and irregularities there committed.

The only witness examined was Glenn. He testified that he went with Shannon to make the levy upon Barber's goods, under Shannon's attachment, and found the constable in charge of the goods. The constable told witness of his levy, but exhibited no inventory. Witness then said to Shannon that the trial-justice's attachments would have to be first paid. Witness then took possession of the goods. Some time having elapsed after the sale, and no papers being received from the trial-justice, witness supposed that those cases were settled, and paid balance in his hands to Shannon.

The presiding judge held that the payment was under a mistake as to the facts, and ordered judgment for the plaintiff. Defendant appealed.

*Mr. J. F. Hart*, for appellant.

*Mr. W. B. Wilson*, for respondent.

January 7th, 1880. The opinion of the court was delivered by

McIVER, A. J. This was an action to recover certain money which the plaintiff alleged that he, as sheriff, had erroneously paid to the defendant under a mistake of fact. The case came on for trial by the court, a jury having been dispensed with, and the court, having found that the money was paid under a mistake of fact, rendered judgment for the plaintiff. This finding of fact is conclusive here unless it were shown, as it has not been, that it was without any evidence to sustain it or was manifestly against the overbearing weight of the evidence. There can be no doubt of the correctness of the legal proposition that, where money is paid under a mistake of fact, to a person who has no ground in conscience to claim it, the person paying it may recover it back. *Farmer* v. *Arundel*, 2 *W. Bl.* 824 ; *Bize* v. *Dickason*, 1 *T. R.* 286 ; recognized in *Lawrence* v. *Beaubien*, 2 *Bail.* 652. The same doctrine is recognized in *Ash* v. *Ash*, 1 *Bay* 300 ; *Supervisors of Onondaga* v. *Briggs*, 2 *Denio* 26 ; *Ege* v. *Koontz*, 3 *Penna. St.* 109 ; *Haven* v. *Foster*, 9 *Pick.* 112.

Exception was also taken to the ruling of the court below that the defendant could not object to or take advantage of any of the several errors or irregularities alleged against the proceedings by attachment in the trial-justice's court, but that such objection could only be made by the debtor himself. This ruling was unquestionably correct and is fully sustained by the authorities cited. *Foster* v. *Jones*, 1 *McC.* 116 ; *Kincaid* v. *Neall*, 3 *McC.* 201 ; *Camberford* v. *Hall*, 3 *McC.* 345.

The judgment of the Circuit Court is affirmed.

Appeal dismissed.

WILLARD, C. J., concurred.